UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-424-M

**RONALD L. JORDAN**                                                                                  **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                 **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

Plaintiff Ronald L. Jordan filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 2). **IT IS ORDERED** that the application to proceed without prepayment of fees is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this complaint alleging violations of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. In the case caption, Plaintiff names the following Defendants: 1) Commonwealth of Kentucky; 2) City of Louisville; 3) Commonwealth's Attorney's Office; 4) Kentucky General Assembly; 5) Kentucky Bar Association; and 6) Public Defender Advocacy. In the portion of the complaint where he lists Defendants, he identifies the following individuals: 1) Off. Wannie Davenport; 2) Off. Annetta Gibson; 3) Sgt. Eric Johnson; 4) Sgt. Marcus Laythom; 5) Det. Gregory Hartman; 6) Det. James Scott; 7) Evidence Examination Tech Stacey Davenport; 8) Kentucky Bar Association President Jane Winkler; 9) Assistant Commonwealth Attorney Mac Shannon; 10) Circuit Court Prosecutor

Mark Baker; 11) Jefferson Circuit Court Judge Martin McDonald; 12) Jefferson Circuit Court Judge Chavin McKay; 13) Public Defender Charles Gray; 14) Attorney Cory W. Meadows; 15) Attorney Aaron Whaley; and 16) Attorney Keith Kamenish.  He sues each Defendant in his or her official capacity.

In his complaint, Plaintiff claims that he was "initially jailed on 10-24-06 based on a false statement of Earl Gold, which was coerced by above named LMPD officers."  He alleges that police officers, public defenders, defense attorneys, judges, and attorneys general conspired to violate his civil rights.  Plaintiff cites statistics concerning the racial composition of Kentucky's prisons and quotes public figures regarding racial inequalities in the justice system.  He includes with his complaint a resolution from the Kentucky Bar Association recognizing public defenders' excessive caseloads and requesting the Kentucky General Assembly to increase their funding.

Plaintiff also alleges that his court-appointed attorneys failed to adequately advise him of his rights and failed to offer evidence that another individual committed the crime for which Plaintiff was arrested.  He alleges various instances of misconduct by his defense attorneys and prosecutors.  Plaintiff further alleges as follows:

> All my court provided lawyers joined in concert with those of the prosecution and engaged in misconduct of manufactured evidence. The credentials of the prosecutions [sic] case was week [sic] at best but perjury and civil-rights violations against myself,  kelp [sic] the case at bar.  After spending nearly two (2) years in jail awaiting trial, the botched case highlighted the risk of the competitive nature for convictions among prosecutors in an atmosphere of justice, not just guilty . . . .
>
> African Americans have known from the day slavery ended, the justice system has been its surrogate, a tool used specifically and erroneously for the suppression and control of black people.  As the prisons represent 21st century plantations, housing flesh for

>profit.  The affirmation that judicial agencies are the beneficiaries of such property and the judiciary agents are their overseers, stands true as well.

As relief, Plaintiff seeks $62 million in punitive damages and $62 million in compensatory damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, this Court must dismiss a case at any time if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     42 U.S.C. § 1983**

    **1.     Municipal defendants**

Plaintiff sues the City of Louisville and seven Louisville Metro Police Department officers. Plaintiff sues all Defendants in only their official (not individual) capacities. "Official-

capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against the Louisville Metro Police Department officers are, therefore, actually claims against their employer Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that Defendant police officers coerced a statement out of his co-defendant which led to his arrest and conspired with others to violate his civil rights. Plaintiff has not alleged a policy or custom implemented or endorsed by Louisville Metro Government or that these Defendants acted pursuant to a governmental policy or custom in causing his alleged harm. For these reasons, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Therefore, Plaintiff's claims against Defendants City of Louisville[1] and against Wannie Davenport, Gibson, Johnson, Laythom, Hartman, Scott, and Stacey Davenport in their official capacities will be dismissed for failure to state a claim upon which relief may be granted.[2]

---

[1] Louisville Metro Government is the successor governmental entity to the City of Louisville, and for the purposes of initial screening the Court will consider them as the same entity.

[2] Plaintiff alleges that he was initially jailed on October 24, 2006. In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In *Wallace*, the Supreme Court held that "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal

6

### 2. State defendants

Plaintiff sues Defendants Commonwealth of Kentucky, Commonwealth's Attorney's Office, and Kentucky General Assembly and sues Defendants McKay, McDonald, Shannon, and Baker in their official capacities. Upon review, the Court concludes that the claims against these Defendants must be dismissed on two bases. First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment[3] acts as a bar to all claims for relief against these Defendants. A state, its agencies, and its officials may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing

---

process ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 397). Therefore, even if Plaintiff had alleged individual-capacity claims against Defendant Louisville Metro Police Officers, any claims related to his arrest likely accrued on October 24, 2006, and would be barred by the one-year statute of limitations. In fact, any claim which accrued before June 17, 2008 would be barred by the one-year statute of limitations for § 1983 actions.

[3]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

*Quern v. Jordan*, 440 U.S. 332 (l979)).  Accordingly, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### 3.     Defense attorneys

Plaintiff's claims against his defense attorneys also fail.  It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, Plaintiff fails to state a claim under § 1983 against Defendants Public Defender Advocacy, Gray, Meadows, Whaley, and Kamenish, and the claims against them will be dismissed.

### 4.     Kentucky Bar Association and its president

Plaintiff also sues Defendants Kentucky Bar Association and its president, Jane Winkler.  However, the Kentucky Bar Association and Winkler are private actors.  The United States Constitution does not apply to the conduct of private persons; it applies to conduct by the government.  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991).  A private citizen is not liable for an alleged constitutional violation unless:  (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor."  *Id.*  The Kentucky Bar Association, however, is a private actor which does not derive its authority from the state, and it is therefore not subject to a § 1983 claim.  *See*

*McMillan v. Seligstein*, 734 F.2d 15 ("[S]imply being chartered does not provide the bar association with a sufficient nexus with the state government so as to render it an actor under state law.") (citing *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983); *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447, 451-52 (1st Cir. 1982)).  For these reasons, Plaintiff's claims against Defendants Kentucky Bar Association and Winkler will be dismissed for failure to state a claim upon which relief may be granted.

**B.** **State-law claims**

Finally, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Thus, to the extent that Plaintiff raises state-law claims of intentional infliction of emotional distress, outrageous conduct, and/or malicious prosecution, the Court, having dismissed all federal claims over which it has original jurisdiction, declines to exercise supplemental jurisdiction over them and will dismiss those claims without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff Jordan, *pro se*
4414.010

9